REPUBLIC OF HAWAII *v.* YOUNG HEE (Chinese).

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED JULY 3, 1895.          DECIDED AUGUST 5, 1895.

JUDD, C.J., AND FREAR, J.

(Mr. Justice Bickerton did not join in the decision, being ill, and by stipulation of parties the decision is by the remaining Justices.)

Bribery is the offense described in Section 16, Chapter 29 of the Penal Code, on "Obstructing and Perverting Justice." Though not an offense punishable with imprisonment for a longer period than two years, which is one definition of felony, it is a felony, because under Article 44 of the Constitution of the Republic it is punishable with forfeiture of civil and political rights.

An indictment for bribery alleged that Y. H. did unlawfully, feloniously and corruptly give to one C. W. D., a deputy sheriff and duly commissioned executive officer, a gift or gratuity, to-wit, the sum of twenty dollars, with intent thereby to influence the said C. W. D.'s acts as deputy sheriff and executive officer in a proceeding and matter then pending, and which might by law come or be brought before him as such deputy sheriff and executive officer. Indictment held demurrable because the "proceeding or matter" in regard to which the bribe was intended to influence the officer is not described, so that the Court might see if it was a

matter or proceeding in which an official act of the officer to be influenced was involved, so that, if influenced, it would obstruct or pervert the course of justice. See *Rex v. Ho Fon*, 7 Haw. 757. Demurrer sustained and new trial ordered on last ground.

## OPINION OF THE COURT BY JUDD, C.J.

At the trial of this case at the last term of the Circuit Court, Second Circuit, a plea to the jurisdiction was made, that the offense charged was a misdemeanor, it not being punishable by imprisonment for more than two years. Section 2 of Chap. 1 of the Penal Code defines a felony to be an offense "punishable with death or imprisonment for a longer period than two years or by the forfeiture of any civil or political right, and also larceny." "Any offense not appearing to be a felony or crime is a misdemeanor." Act 25 of the Executive and Advisory Councils of the Provisional Government conferred jurisdiction, subject to appeal, upon all District Magistrates, to hear and determine all cases of misdemeanors arising within their respective districts.

This case was brought to the Circuit Court upon examination and indictment and not by appeal from a District Magistrate.

The offense charged is that described in Section 16, Chapter 29 of the Penal Code, whose title is "Obstructing and perverting the course of justice." It is punishable in the statute by imprisonment at hard labor not more than two years, or by fine not exceeding five hundred dollars. So far forth, then, it is a misdemeanor and not a felony. But a felony is also an offense punishable by forfeiture of civil or political rights. Article 44 of the Constitution of the Republic deprives of the right to vote or hold office under the government those who in due course of law shall have been convicted of larceny, bribery, gross cheat, &c. But it is urged that the chapter and section under which this indictment is framed does not name the offense there described as "bribery." It does, however, describe an offense which is answerable to the definition of "bribery," to wit, in the case before us, the corruptly giving

a gift to an executive officer to influence his official action in a given case.   The plea was properly overruled.

The defendant demurred to the indictment on the ground "that the averment stating the offense is uncertain, ambiguous and unintelligible and does not set out any offense under any statute enacted within the Hawaiian Islands."

The indictment reads (after stating the office of Mr. Dickey) that the defendant did give, &c.,—"a gift and gratuity to wit: the sum of twenty dollars with intent thereby to influence his, the said C. W. Dickey's, acts as such Deputy Sheriff and executive officer *in a proceeding and matter then pending and which might by law come or be brought before him as such Deputy Sheriff and executive officer*, contrary to the form of the statute," &c.

The proceeding or matter should be described.   The Court should be apprised of the nature of the matter in reference to which the acts of the officer were intended to be influenced by the bribe.   The acts to be criminal should be of a nature to pervert or obstruct the course of justice if the officer was influenced by the bribe.   The indictment should have set them out, for if they were not to accomplish a corrupt purpose it would not be criminal to give a gratuity to influence the officer to do them or to refrain from doing them.   The words of the statute have been followed in the indictment, but they are general words and require a fuller statement of the nature of the purpose which the bribe was intended to subserve.

If this were done, all the particulars would appear; whether the object of the bribe was to secure immunity for a past offense or to allow violations of law in the future—whether the matter was pending or one which might come before the officer.

It is made clear from the evidence in the case that the object of the bribe was to secure immunity from arrest of a certain Chinese for selling opium and of others for smoking opium on his premises.   This being a matter necessarily required to be proved it should have been averred in the indictment, and it

having been raised upon demurrer, the indictment is fatally defective in this respect. It would be otherwise if not raised by demurrer but by a motion in arrest, for it would have been cured by the verdict.

The trial Court did not have the advantage of full argument on this point. We are not sure that this exact point was made before it, so that the indictment could be ordered to be amended. But it seems to us to be fairly covered by the demurrer interposed, and we feel obliged to hold the indictment was demurrable. We order the verdict set aside, the amendment to be made and a new trial to be had.

*A. M. Brown,* for prosecution.

*P. Neumann* and *A. Rosa,* for defendant.